UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES W. GERENA, *et al.*,

                Plaintiffs,

    -against-                                    9:15-CV-0489 (LEK/CFH)

ANNE MARIE T. SULLIVAN, *et al.*,

                Defendants.

## DECISION AND ORDER

This matter comes before the Court following a Motion to Dismiss brought by Defendants in this case, Dkt. No. 34 ("Motion to Dismiss"), and a Report-Recommendation filed on August 26, 2016, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, Dkt. No. 42 ("Report-Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), overruled on other grounds by Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (quoting Howell v. Port Chester Police Station, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010))). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On September 2, 2016, the Court received a letter objection filed by plaintiff Charles W. Gerena. Dkt. No. 45 ("Objection"). The body of the Objection states that Gerena "wish[es] to object to the report-recommendation in part to granting of defendants' motion to dismiss," without providing any other information or bases for the objection. Id. Because this objection is general and raises no specific complaints concerning the magistrate judge's recommendations, the Report-Recommendation is reviewed for clear error. Barnes, 2013 WL 1121353, at *1; Machicote, 2011 WL 3809920, at *2.

Upon review, the Court does wish to clarify the Eleventh Amendment immunity issue discussed briefly in the Report-Recommendation. Rep.-Rec. at 14–15. While it is true that suits brought against state employees in their official capacities may be subject to Eleventh Amendment immunity, see, e.g., Kentucky v. Graham, 473 U.S. 159, 167 (1985), the Eleventh Amendment does not bar suits for money damages against state officials who are sued in their individual capacities, even if the acts complained of were taken in the course of their official duties, see Hafer v. Melo, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts."); N.Y. State Corr. Officers & Police

2

Benevolent Ass'n, Inc. v. New York, 911 F. Supp. 2d 111, 131 (N.D.N.Y. 2012) ("Suits against state officials in their personal capacity are not barred by the Eleventh Amendment, even for actions required by their official duties . . . ." (citing Hafer, 502 U.S. at 27–28)). Also, while declaratory judgment against defendants sued under § 1983 in their official capacities is barred when it seeks only a declaration that past acts were unlawful, declaratory relief is permitted in official-capacity suits when the violations complained of are ongoing. See, e.g., Brown v. New York, 975 F. Supp. 2d 209, 226 (N.D.N.Y. 2013) ("[T]o the extent that Plaintiffs seek prospective declaratory relief, that relief is not barred by the Eleventh Amendment.").

Except as the Report-Recommendation could be construed as being inconsistent with the preceding paragraph, the Court has reviewed it for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED consistent with this Decision and Order**; and it is further

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 34) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiffs shall have **thirty (30) days** from the date of this Decision and Order to file an amended complaint; and it is further

**ORDERED**, that if Plaintiffs fail to file an amended complaint within the time allowed under this Decision and Order, the Clerk of the Court shall enter judgment for Defendants and close this action without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 20, 2016
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge