**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

CHARLES W. GERENA, et al.,

                                Plaintiffs,

    v.                                                  9:15-CV-0489
                                                              (LEK/CFH)

ANNE MARIE T. SULLIVAN, et al.,

                                Defendants.

---

**APPEARANCES:**                                        **OF COUNSEL:**

CHARLES W. GERENA
64555
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, New York 13403

RICHARD PELLEGRINO
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, New York 13403

DONALD BRUSSO
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, New York 13403

JUSTIN A. RATHBUN
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, New York 13403

RICHARD VALLE
02-A-5123
Plaintiff, pro se
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

HON. ERIC T. SCHNEIDERMAN  CHRISTOPHER J. HUMMEL, ESQ.
New York State Attorney General  Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## DECISION and ORDER

Presently before this Court is a renewed motion from plaintiff Charles W. Gerena ("Gerena") seeking appointment of counsel. Dkt. No. 49. Gerena also requests an extension of time to file an amended complaint.[1] Id.

A party has no constitutionally guaranteed right to the assistance of counsel in a civil case. See, e.g., United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the Court may request an attorney to represent an indigent party. See 28 U.S.C. §1915(e)(1). Courts cannot use a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, a number of factors must be carefully considered by the court in ruling upon such a motion.

The Court has reviewed the file in this matter in conjunction with the elements

---

[1] By Decision and Order dated September 20, 2016, United States District Judge Lawrence E. Kahn granted defendants' motion to dismiss plaintiffs' complaint without prejudice to plaintiffs submitting an amended complaint within thirty days of that Decision and Order. Dkt. No. 48.

2

discussed in Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) and Hendricks v. Coughlin, 114 F.3d 390 (2d Cir. 1997) as to the factors a court should consider in determining whether to appoint counsel for a pro se litigant. Based upon that review, this Court finds that appointment of pro bono counsel is warranted. In so ruling, however, the Court reminds plaintiffs that 28 U.S.C. § 1915(e) authorizes the Court to "request an attorney to represent any person unable to afford counsel." See 28 U.S.C. § 1915(e)(1) (emphasis added); Mallard v. United States District Court, 490 U.S. 296, 298 (1989) (28 U.S.C. § 1915(e) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case). Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept voluntarily an appointment. "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do." Rashid v. McGraw, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).[2]

In light of the foregoing, plaintiffs' request for an extension of time to file an amended complaint is denied, but the deadline for filing an amended complaint is stayed until further order of the Court.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff Gerena's renewed motion for appointment of pro bono counsel to represent plaintiffs in this action (Dkt. No. 49) is **GRANTED** as set forth above;[3] and it is further

**ORDERED** that plaintiff Gerena's motion requesting an extension of time for plaintiffs

---

[2] The Court will provide plaintiffs with a copy of this unpublished decision.

[3] The Court will issue a separate order appointing counsel if an attorney volunteers to take this case on a pro bono basis.

to file an amended complaint (Dkt. No. 49) is **DENIED**, but the time to file an amended complaint is hereby **STAYED** until further Order of the Court; and it is further

    **ORDERED** that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

Dated: October 24, 2016
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge